UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KIMBERLY KAY BURDINE,

    Plaintiff,

v.                                                                         Case No. 1:17-cv-1133
                                                                      Hon. Ray Kent

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant,

_____/

**OPINION**

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security Administration (Commissioner) which denied her claim for disability insurance benefits (DIB).

Plaintiff initially alleged a disability onset date of February 28, 2013. PageID.204. Plaintiff identified her disabling conditions as chronic problems in back, hypothyroidism, anxiety, depression, and acid reflux. PageID.207. Prior to applying for DIB, plaintiff completed the 12th grade and had past employment as a retail manager, a customer service clerk, and a postmaster. PageID.49, 209. An Administrative law judge (ALJ) reviewed plaintiff's claim *de novo* and entered a written decision denying benefits on September 21, 2016. PageID.36-51. This decision, which was later approved by the Appeals Council, has become the final decision of the Commissioner and is now before the Court for review.

1

## I. LEGAL STANDARD

This Court's review of the Commissioner's decision is typically focused on determining whether the Commissioner's findings are supported by substantial evidence. 42 U.S.C. § 405(g); *McKnight v. Sullivan*, 927 F.2d 241 (6th Cir. 1990). "Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Secretary of Health & Human Services*, 25 F.3d 284, 286 (6th Cir. 1994). A determination of substantiality of the evidence must be based upon the record taken as a whole. *Young v. Secretary of Health & Human Services*, 925 F.2d 146 (6th Cir. 1990).

The scope of this review is limited to an examination of the record only. This Court does not review the evidence de novo, make credibility determinations or weigh the evidence. *Brainard v. Secretary of Health & Human Services*, 889 F.2d 679, 681 (6th Cir. 1989). The fact that the record also contains evidence which would have supported a different conclusion does not undermine the Commissioner's decision so long as there is substantial support for that decision in the record. *Willbanks v. Secretary of Health & Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). Even if the reviewing court would resolve the dispute differently, the Commissioner's decision must stand if it is supported by substantial evidence. *Young*, 925 F.2d at 147.

A claimant must prove that he suffers from a disability in order to be entitled to benefits. A disability is established by showing that the claimant cannot engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. *See* 20 C.F.R. §404.1505; *Abbott v. Sullivan*, 905 F.2d 918, 923

(6th Cir. 1990). In applying the above standard, the Commissioner has developed a five-step analysis:

> The Social Security Act requires the Secretary to follow a "five-step sequential process" for claims of disability. First, plaintiff must demonstrate that she is not currently engaged in "substantial gainful activity" at the time she seeks disability benefits. Second, plaintiff must show that she suffers from a "severe impairment" in order to warrant a finding of disability. A "severe impairment" is one which "significantly limits . . . physical or mental ability to do basic work activities." Third, if plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment meets a listed impairment, plaintiff is presumed to be disabled regardless of age, education or work experience. Fourth, if the plaintiff's impairment does not prevent her from doing her past relevant work, plaintiff is not disabled. For the fifth and final step, even if the plaintiff's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that plaintiff can perform, plaintiff is not disabled.

*Heston v. Commissioner of Social Security*, 245 F.3d 528, 534 (6th Cir. 2001) (citations omitted).

The claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work through step four. *Jones v. Commissioner of Social Security*, 336 F.3d 469, 474 (6th Cir. 2003). However, at step five of the inquiry, "the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile." *Id.* If it is determined that a claimant is or is not disabled at any point in the evaluation process, further review is not necessary. *Mullis v. Bowen*, 861 F.2d 991, 993 (6th Cir. 1988).

## II. ALJ's DECISION

Plaintiff's claim failed at the fifth step of the evaluation. At the first step, the ALJ found that plaintiff had not engaged in substantial gainful activity since the alleged onset date of February 28, 2013, and met the insured status of the Social Security Act through March 31, 2018. PageID.40.

At the second step, the ALJ found that plaintiff had severe impairments of degenerative disc disease of the lumbar spine, shoulder tendonitis, status post fracture of the right foot, depression, and generalized anxiety disorder. PageID.40. At the third step, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or equaled the requirements of the Listing of Impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1. PageID.41.

The ALJ decided at the fourth step that:

> After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except the claimant can never climb ladders, ropes, or scaffolds, kneel, or crawl. She can occasionally climb stairs or ramps. The claimant can frequently, but not constantly, balance, stoop, and crouch. For every 30 minutes of sitting, standing, or walking, the claimant must be able to change position. She can never work around hazards such as unprotected heights and unguarded/uncovered moving machinery. She can carry out simple instructions. The claimant can tolerate routine changes in the work place. She can never interact with the general public, and she can occasionally interact with supervisors and coworkers.

PageID.43. The ALJ also found that plaintiff is unable to perform any past relevant work. PageID.49.

At the fifth step, the ALJ found that plaintiff could a significant number of unskilled, light jobs in the national economy. Specifically, the ALJ found that plaintiff could perform occupations in the national economy such as a tabber (160,000 positions), basket filler (53,000 positions), and a power screw driver operator (16,000 positions). PageID.50. Accordingly, the ALJ determined that plaintiff has not been under a disability, as defined in the Social Security Act, from February 28, 2013 (the amended alleged onset date) through September 21, 2016 (the date of the decision). PageID.50-51.

### III. DISCUSSION

Plaintiff set forth one issue on appeal:

**The ALJ erred in relying on vocational expert (VE) testimony to fulfill his step 5 burden without addressing plaintiff's rebuttal evidence.**

An ALJ's finding that a plaintiff possesses the capacity to perform substantial gainful activity that exists in the national economy must be supported by substantial evidence that the plaintiff has the vocational qualifications to perform specific jobs. *Varley v. Secretary of Health and Human Services*, 820 F.2d 777, 779 (6th Cir. 1987). This evidence may be produced through the testimony of a VE in response to a hypothetical question which accurately portrays the claimant's physical and mental limitations. *See Webb v. Commissioner of Social Security*, 368 F.3d 629, 632 (6th Cir. 2004); *Varley*, 820 F.2d at 779. However, a hypothetical question need only include those limitations which the ALJ accepts as credible. *Blacha v. Secretary of Health and Human Services*, 927 F.2d 228, 231 (6th Cir. 1990). "[T]he ALJ is not obliged to incorporate unsubstantiated complaints into his hypotheticals." *Stanley v. Secretary of Health and Human Services*, 39 F.3d 115, 118 (6th Cir. 1994).

Here, plaintiff contests the VE's testimony and states that her "assignment of error is succinct: despite an absolute obligation to do so, the ALJ failed *entirely* to address rebuttal evidence submitted by Plaintiff." Plaintiff's Brief (ECF No. 10, PageID.1043) (emphasis in original). Due process requires that a social security hearing be "full and fair." *Flatford v. Chater*, 93 F.3d 1296, 1305 (6th Cir. 1996), citing *Richardson v. Perales*, 402 U.S. 389, 401-02 (1971). "[B]oth the Social Security Act and basic principles of due process require that a claimant receive meaningful notice and an opportunity to be heard before his claim for disability benefits can be denied." *Hollon ex rel. Hollon v. Commissioner of Social Security*, 447 F.3d 477, 488 (6th Cir. 2006) (internal quotation marks omitted).[1]

---

[1] The Court notes that plaintiff refers to the Hearings, Appeals, and Litigation Law Manual (HALLEX) which includes procedures for ruling on objections at the administrative hearings. However, this Court is not bound by HALLEX. *See Dukes v. Commissioner of Social Security*, No. 1:10-cv-436, 2011 WL 4374557 at *9 (W.D. Mich. Sept. 19, 2011)

5

The ALJ relied on the testimony of VE Toni M. McFarland. PageID.36. After the administrative hearing, plaintiff's non-attorney representative submitted a post-hearing memorandum and objections in which she presented specific objections to VE McFarlnd's testimony as well as rebuttal evidence. PageID. 288-334.[2] Plaintiff described the rebuttal evidence as follows:

> In conjunction with the objections memorandum, Plaintiff submitted the vocational report and curriculum vitae of Paula Santagati, a vocational rehabilitation counselor. Page ID 332-334. Noting the variable training periods for the jobs identified by the vocational expert at the hearing as identified in the Occupational Outlook Handbook, a vocational resource that is administratively noticed by the Agency, *Id.*, *and see* 20 C.F.R. § 404.1566(d)(5), Plaintiff submitted Vocational Expert Santagati's report, which explicitly addressed the social limitations identified by the ALJ and, providing the context of her analysis of similar jobs such as those identified at the hearing, concluded that "the limitation of occasional interaction with coworkers . . . precludes all work as the training and probationary period for any job would require more than occasional interaction with coworkers and supervisors." Page ID 333. This inquiry is plainly relevant since, if the greater than occasional degree of contact with supervisors and/or coworkers is necessary during the training period, Plaintiff cannot make it through the training period based on the same limitations the ALJ found.

Plaintiff's Brief at PageID.1046-1047.

The record reflects that the ALJ considered plaintiff's post-hearing evidence and objections at length and accepted VE McFarland's testimony and interpretation of the occupational issues. PageID.36-38. In this regard, the ALJ stated:

> . . . I find no reason to doubt Ms. McFarland's credentials to discuss and interpret specific issues in the DOT as she has in the instant case. Her depth of experience, educational qualifications and vocational expertise serves as an interpretive conduit beyond the DOT information. Thus, her explanation at the hearing, with supplementary information as to the accuracy of her testimony regarding the DOT, is regarded as expert testimony in the vocational field. After a review of her

---

("while the HALLEX procedures are binding on the Social Security Administration, they are not binding on courts reviewing the administration's proceedings.") (*citing Bowie v. Commissioner of Social Security*, 539 F.3d 395, 399 (6th Cir. 2008)).

[2] The Court notes that plaintiff's counsel incorrectly cited the "PageID" numbers. Counsel should review the citation format set forth in the Court's Administrative Order No. 16-MS-017. When followed, this format creates a hyperlink to the cited page.

> testimony, as well as the medical record, and given her unchallenged credentials as an expert at the hearing, I accept her explanation as a resolution to the issue.
>
> Moreover, the regulations state that I must base my decision on the preponderance of the evidence offered at the hearing or otherwise included in the record (20 CFR 404.953, 416.1453). The regulations allow me to rely on several sources, including the use of vocational expert testimony (*See* 20 CFR 404.1566(e), 416.966(e)). While I am able to take administrative notice of job data, I have decided to rely on the use of vocational expert testimony, and as Mr. Tenhave-Chapman [sic] agreed to the qualification of Ms. McFarland as a vocational expert at the hearing, I overrule the objection to the vocational expert testimony (20 CFR 404.1566(d)-(e), 416.966(d)(e)).

PageID.36-37. The ALJ also rejected plaintiff's objection to the the "sources relied upon [by the VE] and the methodology utilized [by the VE] for identifying the number of available jobs," finding that "[t]he impartial vocational expert is a qualified expert for purposes of the testimony at the hearing and is qualified to provide an estimate of jobs." PageID.37.

The ALJ considered plaintiff's extensive post-hearing objections to the VE's testimony. PageID.36-38, 288-334. Based on this record, the Court concludes that plaintiff received a full and fair hearing. *Richardson*, 402 U.S. at 401-02; *Flatford*, 93 F.3d at 1305. Accordingly, plaintiff's claim of error is denied.

## IV. CONCLUSION

The ALJ's determination is supported by substantial evidence. The Commissioner's decision will be **AFFIRMED** pursuant to 42 U.S.C. § 405(g). A judgment consistent with this opinion will be issued forthwith.

Dated: March 26, 2019    /s/ Ray Kent
United States Magistrate Judge